(No. 3365—

MINNIE WILSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 12, 1941.*

FRANK C. SMITH, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant seeks redress under the Workmen's Compensation Act because of injuries sustained by a fall while employed as a Cottage Mother at the Ilinois Soldiers' and Sailors' Children's Home at Normal, Illinois. Claimant entered the employment of the State July 11, 1938. On August 2, 1938 claimant and her husband, who was also employed at the Institution, left the Administration Building on the school grounds to proceed to their duties at one of the Cottages. The stone stairs going into the building were slippery, and claimant fell all the way down the steps receiving a sprained and broken right wrist. Her husband witnessed the accident, and she immediately saw the School Physician, Dr. Jacob E. Klein who, after examining her wrist, stated that the injury was only a sprain and for her to continue at work and to actively use the hand. Claimant attempted to do this, but the pain in her hand and arm increased and several days later she again consulted Dr. Klein who again informed her, according to her testimony, that there was nothing wrong with her arm. The intensity of her pain became such that she was forced to give up her work. Upon return to her home in East St. Louis she consulted Dr. Charles F. Alderson. X-ray examinations revealed an impacted fracture of the right wrist, and the entire hand and wrist were greatly swollen. The patient was hospitalized and the fracture was reduced under anesthesia. Thereafter diathermy treatments were given, and the wrist was put in a cast for approximately six weeks. Claimant was unable to return to employment until June 1, 1939, at which time she was restored to her Civil Service rating and was given a position as House Mother at St. Charles School for Boys.

Dr. Charles F. Alderson testified in this cause on June 18, 1940, and at that time stated that there was probably a ten per cent disability of the fingers, but that she should have complete recovery functionally of the fingers, and that she would have about ten per cent anatomical disability of the

wrist. He further testified in answer to a question. "In how much longer time do you expect the fingers will be completely restored and regain function of the thumb and right hand?" "From the present rate of improvement I would say in six months she should be able to make a tight fist." He further testified that at the time of the hearing she had within ten per cent of all the normal movements of the wrist joint, that is, rotary, lateral, anterior flexion and posterior flexion, with no disability to any other part of her right hand.

A further question is raised in the record as to whether a demand for compensation was technically made within six months after the accident as required by the Workmen's Compensation Act, or whether such demand as claimant may have expressed within that time was only for payment of medical bills. On August 18, 1938, Mrs. Wilson wrote to her superior at the institution, "Am I not entitled to medical care?" On September 22, 1938, she wrote to Mr. Russell, Managing Officer of the institution, "I am wondering if there isn't a Workmen's Compensation that would partly pay me for time, etc."

Dr. Klein, the attending physician at the institution, had given conflicting accounts, first denying that he even had knowledge of the accident. Managing Officer Russell, in a report to Director Bowen on October 6, 1938, referred to Dr. Klein's service and said, "After investigation I feel reasonably sure Mrs. Wilson's story is correct." From the reports made to him, Director Bowen on October 27, 1938, stated to Managing Officer Russell, "I understand from Mrs. Wilson's letter that she is asking for disability compensation; and the whole matter is one for the Court of Claims." It is apparent that in however uncertain terms Mrs. Wilson may have expressed her desire and intention to ask for relief under the Workmen's Compensation Act, the Department head, Mr. Bowen, under whom she was employed, reached the conclusion that she desired redress under the Act. The evidence shows sufficient compliance with the requirements of Section 24 of the Workmen's Compensation Act in regard to notice, knowledge and demand, and the court finds that claimant is entitled to relief under the Workmen's Compensation Act.

Although her hand was still somewhat disabled, claimant was able to return to her employment on June 1, 1939, and

thereafter received wages, so that the period of temporary total disability is terminated as of that date. Such further claim as she might have would be for specific loss, and while the testimony of Dr. Alderson is that there was at that time ten per cent anatomical disability of the wrist, he further testified that specifically the claimant's disability consisted at the time of the hearing on September 12, 1940, in a lack of flexion in the fingers of the right hand; that she has complete extension in all the fingers, but cannot quite touch all the fingers and thumb to the palm of the hand. The doctor further testified that there is a probable ten per cent disability present in the use of the fingers and of the wrist, but that at the present rate of improvement claimant should then be able to close her hand into a tight fist. The conclusion, from the doctor's testimony, is that there is no permanent functional loss of use of claimant's fingers or hand.

Claimant's rate of pay in her employment at the time of her injury was $52.50 per month, plus maintenance of $24.00 per month, or a total of $76.50 per month, making an annual wage of $918.00, or an average weekly wage of $17.65 and a compensation base of $8.88 per week.

From the record the court finds that claimant herein, Minnie Wilson, suffered an accidental injury while an employee of the State of Illinois, which accident arose out of and in the course of her employment, and which resulted in accidental injuries for which she is entitled to compensation under the Workmen's Compensation Act.

That due notice of accident, notice of claim, and application for payment were made within the time limits prescribed by law. That claimant is entitled to temporary total disability for forty-three (43) weeks and one (1) day, being for the period from August 2d, 1938, to June 1, 1939, at $8.88 per week, or $383.10. That no permanent total disability or specific loss payments are due. That claimant has expended and incurred obligations in connection with her accidental injuries which should be paid by respondent, as follows:

To Dr. Charles F. Alderson $75.00, of which $20.00 has been paid by Mrs. Wilson.

To St. Mary's Hospital $15.90, heretofore paid by Mrs. Wilson.

To Dr. J. C. Soucy $10.00.

Expense in connection with hospitalization $9.60.

To Dr. Charles E. Ball, X-ray examination, $4.00.

The bill of $25.00 paid to Lucille Engel by claimant for housework does not come within the provisions of the Workmen's Compensation Act, and no award will be made therefor.

An award is hereby entered pursuant to the foregoing in favor of claimant, Minnie Wilson, for temporary total disability in the sum of $383.10.

To Minnie Wilson for medical, hospital and traveling expense incurred in connection therewith because of said accident in the total sum of $114.50. Such parts of the above mentioned medical bills as have not been paid by claimant shall be paid by her out of the said award of $114.50 here allowed.

As the full amount of the award has accrued, same is payable to claimant in full at the present time, i.e., $383.10 for temporary total disability and $114.50 for medical, hospital bills, etc.

This award, being subject to the provisions of an Act entitled "An Act making an Appropriation to Pay Compensation Claims of State Employees and providing for the Method of Payment Thereof" (Ill. Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181); and being subject also to the terms of an Act entitled "An Act making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies until the Expiration of the First Fiscal Quarter after the Adjournment of the next Regular Session of the General Assembly," approved July 1, 1939 (Sess. Laws 1939, p. 117); and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided by the foregoing Acts.